IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FELIX JARA-MEDINA ) <br> ) <br> ) <br> Defendant. ) | No. 3:16-CR-00320-JO <br><br> AMENDED <br> OPINION AND ORDER |

JONES, J.

This matter comes before the Court on Defendant Felix Jara-Medina's (Jara) Motion to Dismiss Indictment. (#25) For the reasons that follow, the Court GRANTS Jara's Motion.

**BACKGROUND**

Jara is charged with Illegal Reentry having been ordered removed from the United States on two prior occasions. Jara's original order of removal occurred in February, 1998 following convictions for two felonies, Unlawful Use of a Weapon and Attempted Assault I in Multnomah County (1995), and a felony Possession of a Controlled Substance plus a misdemeanor DUII in Wasco County (1997). In 2011, Jara's 1998 removal order was reinstated and he was again ordered removed. This motion focuses on the 1998 removal order.

Jara's first substantive hearing before an immigration judge (IJ) occurred on November 21, 1997, prior to his guilty pleas in the Wasco County case. (#26-2) IJ Warren advised Jara, a

lawful permanent resident who appeared without a lawyer, that because his Multnomah County convictions were not aggravated felonies, he should apply for cancellation of removal under INA § 240A(a). The government agreed with IJ Warren who then instructed Jara how to apply for cancellation of removal. (#26-2, pp. 6-7).

Jara applied for cancellation of removal (#26-5) and, on February 25, 1998, attended a hearing on his application. This hearing took place after Jara's guilty plea in Wasco County, Oregon to Felony Possession of a Controlled Substance. A different immigration judge, IJ Ayala, presided and Jara again appeared without a lawyer. Jara presented evidence about becoming a lawful permanent resident, his continuous residency in the United States, his seven United States citizen children, and his employment history including the payment of income taxes for 12 years. IJ Ayala requested documents concerning Jara's convictions. When Jara gave IJ Ayala the information about the Wasco County conviction, IJ Ayala denied Jara's application for cancellation of removal. He ruled that the Wasco County felony drug possession conviction constituted an "aggravated felony" under Section 101A (43)(B) of the Immigration Nationality Act, and, as such, disqualified Jara from cancellation of removal. After announcing his decision, IJ Ayala advised Jara of his right to appeal the decision to the Board of Immigration Appeals and instructed Jara how and when to file a notice of appeal. Jara did not appeal and was deported.

Thereafter, Jara returned to the United States and was charged with Illegal Reentry (#1). Jara filed this motion to dismiss claiming that the prior deportation proceeding violated his right to due process of law and that he suffered prejudice as a result.

# DISCUSSION

## A. Standards

To convict a defendant of illegal reentry under 8 U.S.C. § 1326, "the government must prove that the alien left the United States under order of exclusion, deportation, or removal and then illegally reentered." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). A defendant prosecuted under 8 U.S.C. § 1326 may collaterally attack the administrative proceedings underlying his predicate removal as fundamentally unfair pursuant to the Due Process Clause of the Fifth Amendment. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). To sustain a collateral attack under § 1326, a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). A removal order is "fundamentally unfair" if "(1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result." *Martinez*, 786 F.3d at 1230.

The Immigration and Nationality Act (INA) 8 U.S.C. ch.12, as amended, provides that an alien who is convicted of an aggravated felony may be removed from the United States by the Attorney General. 8 U.S.C. § 1227(a)(2)(A)(iii). When "a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *Martinez*, 786 F. 3d at 1230.

## B. Exhaustion of Administrative Remedies

Jara contends that IJ Ayala erroneously advised him that he was an aggravated felon and therefore not eligible for cancellation of removal. Because of this erroneous advice, Jara argues that his removal order was fundamentally unfair and so he should be excused for his failure to exhaust administrative remedies. So, the first issue I must determine is whether IJ Ayala erroneously advised Jara that his state felony conviction was an "aggravated felony."

During the removal hearing, IJ Ayala acknowledged that Jara's conviction for possession of a controlled substance, a felony under Oregon law, would have only qualified as a misdemeanor had it been prosecuted in federal court. (#26-2, p.17) IJ Ayala then misapplied the holding in *Matter of L-G-*, 21 I. &N. Dec. 89 (BIA 1995), a case in which the Board of Immigration Appeals ruled that "a state drug offense may be considered a 'drug trafficking crime,' and therefore an aggravated felony under section 101(a)(43) of the Act, *only if it is punishable as a felony under the federal drug laws*." *Matter of L-G-*, 21 I. & N. Dec. at 96 (emphasis supplied).[1] At the end of the hearing, IJ Ayala erroneously ruled that Jara's drug conviction qualified as an "aggravated felony" making Jara ineligible for cancellation of removal. (#26-2, p.17)

Without conceding that IJ Ayala's ruling was erroneous, the government points out that after IJ Ayala issued his ruling, he fully instructed Jara as to Jara's right to appeal:

> Judge: Sir, you have heard the decision of the court. If you feel that the court made an error in the testament of the facts of the case or in the conclusion of law you have the right to appeal this decision to the board of immigration appeals in Falls Church, Virginia for further review. In the alternative, sir, if you are satisfied with the decision you may accept the decision but if you do you will not be able to change your mind at a later date. What do you wish to do?

---

[1] IJ Ayala also misapplied the then 9th Circuit precedent, *United States v. Garcia-Olmedo*, 120 F.3d 399 (9th Cir.1997), in concluding that Jara's possession of a controlled substance was an aggravated felony.

Jara: Well, I don't know.

Judge: Okay, well you have 30 days sir to decide what you wish to do. In that 30 day period if you do decide to appeal the case you must submit the notice of appeal directly to the board of immigration appeals in Falls Church Virginia. That notice of appeal, sir, must be received by the board of immigration appeals within that 30 day period. You cannot wait until the 30th day to mail it to see if it gets there the next day because then it would not be timely. In the notice of appeal, sir you must identify the error of fact or law that you believe the court committed in deciding your case. If you do not have the funds necessary to pay the appeal fees you can submit a paupers affidavit to that affect so that the board can consider whether or ot to accept it without the payment of fees. Do you understand that sir?

Jara: Yes, I understand.

(#26-2, p. 17-18)

The government argues that Jara received his full due process rights and should not be excused from failing to exhaust his administrative remedies by appealing IJ Ayala's ruling to the Board of Immigration Appeals. At the first hearing, IJ Warren informed Jara regarding his right to cancellation of removal. At the second hearing, Jara was given an opportunity to present his case and seek relief. After Jara received an adverse decision, IJ Ayala explicitly advised Jara of his right to appeal. After hearing the ruling, Jara did not waive his right to appeal. Nothing was said to prevent Jara from appealing the decision. Rather, he chose not to appeal IJ Ayala's ruling and in so doing, failed to exhaust all his administrative remedies. Had he appealed his decision, the Board of Immigration Appeals would have had the opportunity to review and possibly reverse the decision. But Jara chose not to exhaust his administrative remedies and cannot now try to revisit that choice. The government urges that Jara received his full due process rights and to rule otherwise would eviscerated the first requirement of 8 U.S.C.

§ 1326(d) that an alien must demonstrate that he "exhausted any administrative remedies that may have been available to seek relief against the order."

I would be inclined to agree with the government in their argument, but for the Ninth Circuit's ruling in *United States v. Ochoa*, 861 F.3d 1010 (9th Cir. 2017) and cases cited therein. In *Ochoa*, the defendant pled guilty to conspiracy to export defense articles without a license in violation of 18 U.S.C. § 371 and 22 U.S.C. § 2778. While in federal prison, Ochoa was served with a notice to appear, charging him with removability on the grounds that his conviction was an aggravated felony and a conviction of a firearms offense. *Ochoa*, 861 F.3d at 1013-14. At the hearing before an IJ, Ochoa appeared without a lawyer. The IJ offered Ochoa more time to obtain representation and also advised him that he could appeal any decision rendered. The IJ also provided Ochoa with a document correctly explaining his appellate rights. *Ochoa*, 861 F.3d at 1014. After reviewing the certified indictment and judgment and talking to Ochoa about the conviction, the IJ found Ochoa was removable due to his aggravated felony and firearm convictions. The IJ concluded:

> I don't see that there is any relief available to you ... Now, you can accept that decision but if you disagree with it, you would have 30 days to appeal it. Did you want to accept my decision or reserve your right to appeal?"

*Ochoa*, 861 F.3d at 1014. Ochoa accepted the decision and did not appeal. After serving the remainder of his federal prison sentence, Ochoa was removed to Mexico. A number of years later, federal agents discovered Ochoa in California and he was indicted for illegal reentry. Ochoa moved to dismiss the indictment, arguing that the underlying removal proceeding had violated his due process rights because his prior convictions constituted neither an aggravated felony nor a firearms offense. The district court denied the motion and Ochoa appealed. The Ninth Circuit ruled that Ochoa's conviction could not serve as a proper predicate for removal as

either an aggravated felony or a firearms offense. The Court then reversed the district court ruling "under our circuit's law, if [Ochoa] was not convicted of an offense that made him removable under the INA to begin with, *he is excused from proving the first two requirements [of 8 U.S.C. § 1326(d).]*" *Ochoa*, 861 F.3d at 1015, citing *United States v. Camacho-Lopez*, 450 F.3d 928 (9th Cir. 2003) and *United States v. Pallares-Galan*, 359 F.3d 1088 (9th Cir. 2004).

As I determined above, IJ Ayala erred in ruling that Jara's drug possession conviction was an aggravated felony. Because the conviction was not an aggravated felony, it could not serve as a proper predicate for Jara's removal. Applying the ruling in *Ochoa* to the present case, I see no other option than to find that Jara is excused from proving that he exhausted all administrative remedies, as well as that he was deprived of an opportunity for judicial review.[2]

### C. Prejudice

To succeed in collaterally attacking his underlying proceeding, Jara must demonstrate that the 1998 removal order was fundamentally unfair. Thus, he must also establish that he suffered prejudice as a result of the entry of the order. *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1085 (9th Cir. 1996); 8 U.S.C. § 1326(d)(3). To do so, Jara must show that he had "plausible grounds for relief" from the removal order. *Jimenez-Marmolejo*, 104 F.3d at 1086. To establish plausibility, Jara need not prove that relief was probable, but must go beyond showing a theoretical possibility of relief from deportation. *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 761 (9th Cir. 2015).

In 1998, the statutory criteria for cancellation of removal were as follows:

---

[2] But see, *United States v. Ochoa*, 861 F.3d 1010, 1018 (9th Cir. 2017)(Graber, J. concurring) discussing how Ninth Circuit jurisprudence has eroded the statutory requirements of § 1326(d)and calling for an en banc review to "bring our jurisprudence in line with the statute and the other circuits." *Ochoa*, 861 F. 3d at 1024.

7 Opinion and Order

> **(a) Cancellation of removal for certain permanent residents**
> The Attorney General may cancel removal in the case of an alien who is
> inadmissible or deportable from the United States if the alien--
> **(1)** has been an alien lawfully admitted for permanent residence for not less than 5
> years,
> **(2)** has resided in the United States continuously for 7 years after having been
> admitted in any status, and
> **(3)** has not been convicted of any aggravated felony.

8 U.S.C. § 1229(b)(1997).

I find that it is "plausible" that an IJ might have granted Jara's motion for cancellation of removal. IJ Warren believed Jara was eligible for cancellation of removal based on his representations to her and instructed Jara how to apply. (#26-2, p. 4) At the second immigration hearing, Jara submitted the cancellation of removal application showing that he had entered the United States in 1979 at the age of 14, become a permanent resident in 1989, and resided continuously in the United States since entering. (#26-2, p. 4) As previously discussed, IJ Ayala erroneously determined that Jara had been convicted of any aggravated felony, when, in fact, his drug possession conviction did not qualify as a federal felony. Although Jara's misdemeanor convictions work against his application, his favorable equities are significant. *See, e.g., Georgiu v. INS*, 90 F3d 374 (9th Cir. 1996)( balancing the positive and negative equities to evaluate the plausibility of petitioner's claim for discretionary relief from deportation.) Jara's application showed significant work history, from 1985 to 1998 with only a brief 18 month hiatus. (#26-5, p. 3) He filed income tax returns for all the years he was employed. (#26-5, p. 3) He had substantial familial ties to the United States; his permanent resident wife and seven United States citizen children ranging in age from seven months to thirteen years relied on him as their sole financial supporter. (#26-2, p. 10). Given this record, I find Jara has shown that he

had plausible grounds for relief from the removal order and suffered prejudice as a result of the entry of his order of removal.

## CONCLUSION

The Immigration Judge improperly characterized Jara's drug possession conviction as an aggravated felony and erroneously informed him that he was ineligible for cancellation of removal. Furthermore, the entry of the removal order was fundamentally unfair because Jara's due process rights were violated by defects in his underlying deportation proceeding and he suffered prejudice as a result. Jara has sustained his burden under 8 U.S.C. § 1326(d). His Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated this 10th day of April, 2018.

Robert E. Jones, United States District Judge